70 F.3d 113
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Anthony McKINNEY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Anthony McKINNEY, Defendant-Appellant.
 Nos. 94-5431, 94-5572.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 28, 1995.
Decided Nov. 15, 1995.
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., District Judge. (CR-93-267, CR-93-266)
 hE. Raymond Alexander, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 Before HALL, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 David Anthony McKinney appeals his convictions for receiving stolen firearms, 18 U.S.C.A. Sec. 922(j) (West Supp.1994); conspiracy to receive, store, sell, and dispose of stolen firearms, 18 U.S.C. Sec. 371 (1988); and two counts of being a felon in possession of firearms, 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1994). His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting insufficiency of the evidence but stating that no meritorious issues exist for appeal. McKinney has not filed a pro se supplemental brief, although he was advised of his right to do so. After a thorough review of the record, we affirm.
 
 
 2
 Two of McKinney's accomplices, Jeffrey Fred Shipman and Shashane Chambers, testified at McKinney's trial for receiving stolen firearms. Their testimony revealed that McKinney drove a stolen car into a pawn shop in Greensboro, North Carolina. He and his confederates stole four guns, which they stored at the home of McKinney's mother. Later, McKinney and his accomplices sawed off the barrels of three of the guns, which had traveled in interstate and/or foreign commerce. Given this testimony, we find that the district court properly denied McKinney's Fed.R.Crim.P. 29 motion for judgment of acquittal. Viewing the evidence in the light most favorable to the Government, a rational trier of fact could have found guilt beyond a reasonable doubt.
 
 
 3
 There also was sufficient evidence to support McKinney's convictions for conspiracy and being a felon in possession of stolen firearms. These convictions stemmed from a robbery of a gun store in Greensboro, during which twenty-nine guns were stolen. Again, two of McKinney's accomplices were chief witnesses against him. Testimony revealed that McKinney and his confederates planned the robbery, gained entrance to the store with crowbars, stole the guns, stored them, and later divided them at McKinney's home. Some of the guns, all of which had traveled in interstate and/or foreign commerce, were subsequently sold. McKinney later fired one of the guns during a residential robbery.
 
 
 4
 "To prove a conspiracy, the government must show an agreement to do something illegal, willing participation by the defendant, and an overt act in furtherance of the conspiracy." United States v. Dozie, 27 F.3d 95, 97 (4th Cir.1994). In the subject case, there was more than enough evidence to sustain McKinney's conspiracy conviction. Further, as McKinney was shown to be a convicted felon, there was sufficient evidence to sustain the convictions for being a felon in possession of stolen firearms.
 
 
 5
 In accordance with the requirements of Anders, we have independently reviewed the record and all other pertinent documents. We have considered all possible issues presented, and we conclude that there are no nonfrivolous grounds for appeal. Because the record discloses no reversible error, we affirm the convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 Counsel's pending motion to withdraw is denied. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move again in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 7
 AFFIRMED.